**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PIO BINGABING, Individually and as Personal Representative of the Estate of EMILY BINGABING** | § § § | |
| | § | **CIVIL ACTION NO. __________________** |
| **VS.** | § | |
| | § | **JURY** |
| **THE ESTATE OF RASHAD WARREN and WAL-MART STORES TEXAS, LLC D/B/A WALMART #3406** | § § § | |

---

**NOTICE OF REMOVAL**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart #3406 (hereinafter "Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

## I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 44th District Court of Dallas County, Texas, where this matter was pending under Cause No. DC-20-04448 in a matter styled *Pio Bingabing, Individually and as Personal Representative of the Estate of Emily Bingabing vs. The Estate of Rashad Warren and Wal-Mart Stores Texas, LLC d/b/a Walmart #3406* (the "State Court Action").

## II. NATURE OF THE SUIT

2. Plaintiff alleges Emily Bingabing suffered fatal gunshot wounds inflicted by Rashad Warren after Warren stalked her throughout the store on Wal-Mart's premises. *Plaintiff's Original Petition p. 2.*

3. As to Defendant Wal-Mart, this is a premises liability lawsuit alleging claims of personal injury, death and punitive damages resulting from Wal-Mart's actions or inactions. *Plaintiff's Original Petition pp. 2-3.*

4. Plaintiff has also sued The Estate of Rashad Warren (improper and unserved party) on the theory of battery. *Plaintiff's Original Petition p. 2.*

5. Plaintiff brought this lawsuit in the 44th District Court of Dallas County, Texas. *See Plaintiff's Original Petition p. 1.*

## III. TIMELINESS OF REMOVAL

6. Plaintiff commenced this lawsuit by filing his Original Petition on March 17, 2020. Defendant Wal-Mart Stores Texas, LLC accepted service on March 23, 2020 through its agent, CT Corporation. This removal is timely because it is filed less than 30 days after Wal-Mart was served. 28 U.S.C. § 1446.

## IV. BASIS FOR REMOVAL JURISDICTION

7. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and all served Defendants [exclusive of The Estate of Rashad Warren, discussed below], and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Dallas, Dallas County, Texas. *Plaintiff's Original Petition p. 2*. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

9. Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th

Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

10. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Wal-Mart [The Estate of Rashad Warren, discussed below].

11. Upon information and belief, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Emily Bingabing suffered fatal gunshot wounds. *See Plaintiff's Original Petition p. 2.* Plaintiff alleges she was seriously injured. *See Plaintiff's Original Petition p. 3.* Plaintiff seeks damages for reasonable funeral and burial costs, conscious pre-death pain and suffering, all damages available in a wrongful death cause of action, and loss of love and affection and consortium. *Id. at p. 3.* Plaintiff pleads relief in excess of

$1,000,000. *Id. at p. 4.* The sum claimed by Plaintiff should control the evaluation of the amount in controversy. Facially, the pleadings, injuries and damages exceed $75,000, exclusive of interest and costs.

## V. IMPROPER/FRAUDULENT JOINDER

12. Plaintiff's claims against The Estate of Rashad Warren are improper and only used as an attempt to defeat diversity jurisdiction in this Court. The Estate of Rashad Warren is currently an unserved Defendant; thus, the Court should disregard The Estate of Rashad Warren for diversity purposes.

### A. Standard of Review

1. Congress has enacted a comprehensive statutory scheme for the removal of state court actions to federal court. 28 U.S.C. §§ 1441–1455; *see also Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp.2d 640, 645–46 (D.N.J.2008). Under this scheme, defendants may remove to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 441; see also 28 U.S.C. § 1332. But "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [i.e., diversity jurisdiction] may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This is often referred to as the forum defendant rule." *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 391 (5th Cir.2009). Essentially, a defendant cannot remove to federal court on diversity grounds if the defendant or a codefendant is (1) a forum defendant—a citizen of the state in which the plaintiff originally filed the case—that (2) has been properly joined and served. Violating the forum-defendant rule renders removal procedurally defective. *See id. at 392–94.*

2. When considering the forum-defendant rule "courts have held, virtually uniformly, that . . . an unserved defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)." *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *2 (N.D. Tex.--Dallas Oct. 20, 2015) (quoting *Ott v. Consolidated Freightways Corp. of Delaware*, 213 F. Supp.2d 662, 665 (S.D. Miss 2002). Most recently, with the "plain language" of § 441(b)(2) in mind, the Fifth Circuit—in line with other Circuits across the country—held that a non-forum defendant may properly remove a case when, at the time of removal, a forum co-defendant had not yet been served. *Texas Brine Co., LLC v. American Arbitration Assoc., Inc., et al.*, No. 18-31184, 2020 WL 1682777 (5th Cir. Apr. 7, 2020) (citing to *Gibbons v. BristolMyers Squipp Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc*., 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir. 2001).

**B. The Estate of Rashad Warren has Not Been Served**

1. As of the filing of this Notice of Removal, The Estate of Rashad Warren has not been served. Plaintiff has not even identified who is the Representative of the Estate and how service is achieved. *See Plaintiff's Original Petition p. 2.* Plaintiff has properly served Wal-Mart and Wal-Mart has timely answered in state court, thus, removal is proper in the presence of the unserved resident Defendant The Estate of Rashad Warren.

## VI. THIS NOTICE IS PROCEDURALLY CORRECT

13. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Wal-Mart is not a citizen of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

14. Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

A: Index of all documents filed in the State Court Action.

B: Docket Sheet in the State Court Action.

C: Copies of all process, pleadings and orders filed in State Court.

D: Signed Certificate of Interested Persons.

15. Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

16. Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 44th District Court of Dallas County, Texas.

18. Plaintiff has demanded a jury trial in the State Court Action. Defendant has demanded a jury trial in the State Action.

19. Trial has not commenced in the 44th District Court of Dallas County, Texas.

## VII. CONCLUSION

20. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Wal-Mart desires and is entitled to remove the lawsuit filed in the 44th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart #3406, pursuant to and in conformance with the statutory requirements, removes this action from the 44th District Court of Dallas County, Texas, to this Court.

**Respectfully submitted,**

By: *\/s/ Ramona Martinez*
**RAMONA MARTINEZ**
Texas Bar No. 13144010
rmartinez@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Ave., Suite 3100
Dallas, TX 75201
214.220.5202 (direct)
214.220.5252 (direct fax)

**ATTORNEYS FOR DEFENDANT WAL-MART STORES TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 17th day of April, 2020:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
3701 Kirby Drive, Suite 760
Houston, TX 77098
832.690.7000 / fax 832.616.5576
service@pstriallaw.com
paul@pstriallaw.com

*/s/ Ramona Martinez*
**RAMONA MARTINEZ**