JURY DEMAND

FILED
3/17/2020 3:17 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

Case 3:20-cv-00951-B    Document 1-3    Filed 04/17/20    Page 1 of 37    PageID 13

CAUSE NO. DC-20-04448 _____

| | | |
|---|---|---|
| Pio Bingabing, Individually and as<br>Personal Representative of The<br>Estate of Emily Bingabing | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| Plaintiff | § <br> § | |
| v. | § <br> § | DALLAS COUNTY, TEXAS |
| The Estate of Rashad Warren and<br>Wal-Mart Stores Texas, LLC<br>d/b/a Walmart #3406 | § <br> § <br> § <br> § | |
| Defendants | § <br> § | 44TH<br>_____ JUDICIAL DISTRICT |

## Original Petition

Plaintiff Pio Bingabing Individually and as Personal Representative of the Estate of Emily Bingabing ("Plaintiff"), complains of The Estate of Rashad Warren and Wal-Mart Stores Texas, LLC d/b/a Walmart #3406 (collectively, as "Defendants") and would respectfully show the Court the following:

### I.

### Discovery Control Plan

1.    Plaintiff intends to conduct discovery in this matter under Level 3.

### II.

### Jurisdiction and Venue

2.    The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events giving rise to this lawsuit occurred in Dallas County, Texas.

EXHIBIT C

## III.

### Statement Regarding Monetary Relief Sought

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief greater than $1,000,000.00.

## IV.

### Parties

4.      Plaintiff is a resident of Dallas County, Texas.

5.      Defendant The Estate of Rashad Warren may be served through his heirs.

6.      Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart #3406 is an Arkansas company that does substantial business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## V.

### Facts

7.      On or about January 26, 2020, Emily Bingabing suffered fatal gunshot wounds inflicted by Rashad Warren at the Walmart located on Montfort Drive in Dallas, Texas. Upon information and belief Warren stalked Bingabing throughout the store location for some time before fatally shooting her.

## VI.

### Causes of Action

8.      On the occasion in question, Defendants were guilty of the following acts of negligence:

- Warren committed a battery by shooting Bingabing;

- Walmart failed to make the condition of the premises reasonably safe;

- Walmart was negligent in the hiring and/or retention of security personnel;

- Walmart failed to adequately provide security personnel;

- Walmart failed to adequately protect the invitees on their premises;

- Walmart failed to intervene or intercede when an invitee on their premises was being stalked; and

9.      Plaintiff was an invitee on the premises, which at all material times were owned by Defendants and in their possession and control. Defendants knew or reasonably should have known about a condition that posed an unreasonable risk of harm. The negligence of Defendants as set out above were the proximate cause of Plaintiff's injuries and damages.

10.      By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured.  By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.  Because of the nature and severity of the injuries sustained, Plaintiff has suffered:

- Reasonable funeral and burial costs;

- Conscious pre-death pain and suffering;

- All damages available in a wrongful death of cause of action; and

- Loss of love and affection and consortium.

11.      Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs' health and safety and for the health and safety of others. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk.

## VII.

### Discovery to Defendant

12.     Plaintiff refers you to the attached Interrogatories, Request for Production, Request for Admissions and Request for Disclosure, and notifies you that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

## VIII.

### Jury Demand

Plaintiff hereby demands a trial by jury.

## IX.

### Prayer

Plaintiff prays for relief and judgment in a monetary amount greater than $1,000,000.00, as follows:

- Reasonable funeral and burial costs;

- Conscious pre-death pain and suffering;

- All damages available in a wrongful death of cause of action;

- Loss of love and affection and consortium;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Costs of court;

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PIERCE SKRABANEK PLLC**

*/s/ M. Paul Skrabanek*

_____
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
service@pstriallaw.com

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| Pio Binabing, Individually and | § | IN THE DISTRICT COURT OF |
| as Personal Representative of | § | |
| The  Estate of Emily Bingabing | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| The  Estate  of  Rashad  Warren | § | |
| and    Wal-Mart  Stores  Texas, | § | |
| LLC d/b/a Walmart #3406 | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

**First Set of Interrogatories, Requests for Production, Requests for Admission, and**
**<u>Requests for Disclosure to Wal-Mart Stores Texas, LLC.</u>**

***TO:   Wal-Mart Stores Texas, LLC d/b/a Walmart #3406 is an Arkansas company that does
substantial business in Texas and may be served through its registered agent, CT
Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.***

Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendants
respond to Plaintiff's interrogatories and produce for inspection and copying the documents
and tangible things requested.  Defendant shall file written responses to these requests within
fifty (50) days after the date of service.  Defendant shall provide the requested documents for
inspection and copying at the law offices of Pierce Skrabanek, PLLC, 3701 Kirby Drive, Suite
760, Houston, Texas 77098.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendant
in trial of this cause and therefore request that Defendant asserts any objection to the
authenticity of any document Defendant produces within ten days of its production.

# I.

## Definitions and Instructions

1.    Under the Texas Rules of Civil Procedure, Defendants are under a duty to amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

(a)    It knows that the answer was incorrect when made; or

(b)    It knows that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2.    The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

3.    You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

4.     All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

5.     Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the period January 1, 1998 through and including the date of your response.

6.     This Document Request requires you amend or supplement your production of documents called for by this Document Request.

7.     In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

8.     Plaintiff requests that you provide the descriptions specified in Rules for each document not produced because of a claim of privilege.  Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

9.     If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

10.     "Defendant" shall mean, unless otherwise specified in a particular request, Defendant named in the complaint filed in the above styled litigation, any officer, director, official, employee, agent or representative of Defendant, and each person acting or authorized to act on behalf of Defendant.

11.     "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendants named in this lawsuit and/or any agent or representative of Defendant named in this lawsuit during all times relevant to this action.

12.     The term "and/or," "or," and "and" are used inclusively, not exclusively.

13.     The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities.  If any of the above information is not available, state any other available means of identification.

14.     The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

15.     The terms "evidencing" as used herein shall mean constituting, reflecting, memorializing, referring to and/or supporting logically, factually, indirectly or directly the matter discussed.

16.     The term "Damages" shall mean all claims for relief alleged by Plaintiff in their latest Complaint.

17.     As used herein, the term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

18.     All documents responsive to this request shall be produced in their original form.  Documents originally in hard copy form shall be produced in that form.  Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you.  In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendant shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

19.     The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

20.     "Store in question" means the Walmart on Montford Drive in Dallas, Texas where Plaintiff was killed on January 26, 2020 and/or the Subject property.

21.     "Incident in question" or "incident" means the January 26, 2020 incident when Plaintiff was killed.

22.     "Plaintiff" means the named Plaintiff.

23.     "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

24. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## II.

### <u>Interrogatories</u>

1.      List all investigating officers you worked with regarding the death of Emily Bingabing on your premises.

2.      Give a detailed history based on video footage of the times Bingabing entered the subject store, Warren entered the subject store, the times and locations in the subject store on where each of them moved, and the times each exited the subject store.

3.      Provide the identity of: (1) the management property for the subject property; (2) company providing security at the subject property; and (3) all individuals or companies that have any ownership interest in the Subject property.

4.      Are you going to claim that any individual or entity listed in response to Interrogatory 3 was negligent in the facts underlying the incident?  If not, provide your basis.

5.      Provide a list of everyone you have interviewed with regard to the incident.  In your answer provide names, contact information, and the approximate date they were interviewed.

6.      Describe the attempts you have made to curtail crime at the store in question since 2015.

7.      Describe the process you undertaken in screening potential security guards or security guard companies for the store in question.

8.      List all violent crime at the Subject property since January 2015.

9.      What has your investigation revealed as far as how long Warren was in the subject store before exiting?

10.     Describe in detail the policies and procedures for monitoring of security footage for individuals stalking other individuals in a given store.

## III.

### Requests for Production

1.    Any written reports regarding problems and/or defects with the security at the store in question for three years preceding the incident in question.

2.    Any emails, letters, and/or correspondence regarding problems and/or defects with security at the store in question for the three years preceding the incident in question.

3.    Security patrol logs for 6 months leading up to the incident in question.

4.    All correspondence with law enforcement agencies regarding this incident.

5.    All security footage for the 2 hours before and after the incident in question.

6.    All written requests for additional security guards for the store in question.

7.    All emails, correspondence, letters, and/or written material regarding the need for commissioned security officers at the store in question.

8.    All rules, regulations, procedures, safety protocols, and/or policies you give to security guards at the store in question.

9.    All documents generated as part of an investigation into the incident in question.

10.   Documents detailing the job duties of security guards at the store in question.

11.   All witness statements from tenants relating to the incident in question.

12.   All witness statements from security guards relating to the incident in question.

13.   All daily logs generated by the security guard at the store in question for January 26, 2020.

14.   All crime reports maintained by you for the store in question for the five years preceding the incident in question.

15.   All corrective actions taken in response to any crime committed on the store in question for the five years preceding the incident in question.

16.   Press releases by you regarding the incident in question.

17.   All policies of insurance that cover the occurrences in question, including excess coverage(s) which were in effect during the events giving rise to this lawsuit.

18.　　All blueprints, drawings, and/or diagrams of the store in question.

19.　　All medical records that refer to Plaintiff, including medical records that predate the events giving rise to this lawsuit.

20.　　All records indicating favorable or unfavorable performance and conduct evaluations of security guards at the store in question.

21.　　Defendant's entire file on Plaintiff.

22.　　All income tax returns and attachments that relate to Plaintiff.

23.　　All social security earnings records you possess relating to Plaintiff.

24.　　All safety manuals and materials that relate to the events giving rise to this lawsuit.

25.　　All records referring to Plaintiff.

26.　　All documents concerning any policy or procedural remedial measures taken after and as a result of Plaintiff's injuries.

27.　　All photographs, videotapes, diagrams, or films which depict the events giving rise to this lawsuit.

28.　　All settlement agreements, releases, indemnifications, or assignments which have been signed by you in connection with the events giving rise to this lawsuit.

29.　　All summaries, reports, and files reviewed by each person who may testify as an expert witness at trial.

30.　　All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

31.　　Copies of all publications which any expert witness obtained or consulted by you has contributed to or on which he or she will rely, which relate in any way to the subject matter or opinions of the expert witness.

32.　　All documents evidencing communications between you and each expert witness who may testify at trial.

33.　　A current copy of the *curriculum vitae* or resume of any person whom you may call as an expert witness in the trial of this case.

34.    A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

35.    A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

36.    A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

37.    All transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

38.    All transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

39.    A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

40.    All documents which you have been asked to identify and/or you referred to or identified in your responses to Plaintiffs' Interrogatories to Defendants.

41.    All documents evidencing the cause of the events giving rise to this lawsuit.

42.    All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiffs' latest Complaint.

43.    All statements, whether written, recorded, transcribed, published or otherwise, and all notes of any such statements, relating to the events giving rise to this lawsuit or the claims raised by Plaintiffs in their latest Complaint.

44.    All correspondence between you and any other person concerning, relating to, or referring to the events giving rise to this lawsuit.

45.    Copies of Plaintiff's medical records obtained by Defendants in this litigation.

46. All photographs, motion pictures, videos, models, diagrams, drawings, or other visual display concerning any issues in this case.

47. All estimates of Plaintiff's Damages.

48. Copies of all documents, including policies and instruction manuals which the Defendants provide its employees and/or to contractors during the hiring.

49. Copies of all manuals and test materials used by Defendants to monitor and evaluate the performance of its employees.

50. All documents concerning communications between you and Plaintiff.

51. All documents relating to events that are substantially similar to the events giving rise to this lawsuit and relating to Defendants.

52. All documents relating to any instructions or directions provided by you to Prevost and relating to the events giving rise to this lawsuit.

53. Copy of each exhibit you intend to use at trial.

54. Copy of training materials you provide employees in regard to medical emergencies.

55. Copy of all training materials you provide to security guards.

56. All income tax returns filed by the Defendant for the previous five (5) years.

57. All documents referred to in any way, directly or indirectly, in any and all income tax returns filed by Defendant for the previous five (5) years.

58. All documents that constitute or refer in any way, directly or indirectly to any and all books, records, or other memoranda of business or financial conduct, activities, status or income of Defendant for the past three (3) years.

59. All documents that constitute or refer in any way, directly or indirectly, to any and all deeds, records, or other documents which relate to assets in the name of Defendant.

60. All documents that constitute or refer in any way, directly or indirectly to any records of salaries, commissions, bonuses, income from employment, allowances, expenses, or any other sums of money paid to Defendant or by Defendant within the last five (5) years.

61. All documents that contain or refer in any way, directly or indirectly to the name(s) and address(s) of the person or persons who have custody of records of salaries,

commissions, bonuses, allowances, expenses, or any other sums of money paid to or by Defendant within the last five (5) years.

62. All documents referring in any way, directly or indirectly, to any items of personal property in which Defendant owns or claims any interest, including inventory.

63. All documents, items, and things referring in any way, directly or indirectly, to any all accounts (business or personal, bank, checking, savings, credit union, or retirement accounts) in which Defendant has an interest.

64. All documents referring in any way, directly or indirectly to the name and address of persons or entities to whom Defendant has given a financial statement in the last five (5) years.

65. All documents that constitute or refer in any way, directly or indirectly to any all financial statements prepared by Defendant in the last five (5) years.

66. All documents containing or referring in any way, directly or indirectly, to the names and addresses of persons who have served as bookkeepers or financial advisers for the Defendant during the last five (5) years.

67. All documents referring in any way, directly or indirectly, to each person or entity to whom Defendant has paid, given or conveyed any real or personal property of a value more than fifty dollars ($50.00) in the last five (5) years, not in the regular course of business.

68. All documents referring in any way, directly or indirectly, to any personal or real property which the Defendant has sold, given, paid, or otherwise conveyed during the last five (5) years.

69. All documents referring in any way, directly or indirectly to any and all motorized vehicles (including automobiles, trucks, watercraft, aircraft, and motorcycles) in which Defendant claims an interest.

70. All documents referring in any way, directly or indirectly to any and all persons or entities who have appraised any real or personal property for the Defendant during the last five (5) years.

71. All documents that constitute or refer in any way, directly or indirectly to any appraisal of any real or personal property prepared for Defendant during the last five (5) years.

72. All documents that evidence or refer in any way, directly or indirectly, to the amount of money owed to the Defendant by any person or entity.

73.  All documents referring in any way, directly or indirectly, to any legal cause of action, either real or anticipated, by or against the Defendant.

74.  All documents referring in any way, directly or indirectly, to the anticipated amount of recovery in any legal cause of action, either real or anticipated, by Defendant.

75.  All documents referring in any way, directly or indirectly, to each person or entity who has served as the bank for Defendant during the last five (5) years.

76.  All documents referring in any way, directly or indirectly, to any cash on hand for Defendant as of the date of this request.

77.  All documents referring in any way, directly or indirectly, to any and all cash in account owned or claimed by Defendant held or deposited with any bank or other financial institution(s).

78.  All documents referring in any way, directly or indirectly, to any accounts receivable by Defendant.

79.  All documents that constitute or refer in any way, directly or indirectly to any accounts receivable owed to Defendant.

80.  All documents that constitute or refer in any way, directly or indirectly, to any notes receivable held by Defendant or in which Defendant claims an interest.

81.  All documents referring in any way, directly or indirectly, to shares of stock owned by the Defendant or in which the Defendant claims an interest.

82.  All documents referring in any way, directly or indirectly, to bonds owned by the Defendant or which the Defendant claims an interest.

83.  All documents referring in any way, directly or indirectly, to real estate that the Defendant owns or in which the Defendant claims an interest.

84.  All documents referring in any way, directly or indirectly, to property that the Defendant claims as homestead property.

85.  All documents referring in any way, directly or indirectly, to any and all businesses in which Defendant is a partner, officer, or principal owner.

86.  All documents referring in any way, directly or indirectly, to any interest the Defendant may have in any business, partnership, corporation, or joint venture.

87.  All documents referring in any way, directly or indirectly, to any equipment that the Defendant owns or in which the Defendant claims an interest.

88.   All documents referring in any way, directly or indirectly, to mortgage(s) upon which Defendant is liable.

89.   All documents referring in any way, directly or indirectly, to accounts payable by the Defendant, including account name(s), original amount, person or entity to whom due, balance owing, payments maturity and collateral.

90.   All documents referring in any way, directly or indirectly, to accounts payable by the Defendant or in which the Defendant claims an interest.

91.   All documents referring in any way, directly or indirectly, to any other unpaid taxes for which the Defendant is liable except for those already listed with regard to real estate.

92.   All documents referring in any way, directly or indirectly, to any assets held in trust, in an estate, or in any other name or capacity in which the Defendant claims or has an interest.

93.   All documents referring in any way, directly or indirectly, to assets, except real estate, that are securing any debt for which the Defendant is liable.

94.   All documents referring in any way, directly or indirectly, to the Defendant's obligations to pay the leases, notes, or other debts of any other person or entity.

95.   All documents referring in any way, directly or indirectly, to any unsatisfied judgments against the Defendant or for which the Defendant is liable.

96.   All documents referring in any way, directly or indirectly, to any filing in bankruptcy by the Defendant or any assignment by the Defendant for the benefit of creditors.

97.   All documents referring in any way, directly or indirectly, to any dividends payable to the Defendant or in which the Defendant claims an interest.

98.   All documents referring in any way, directly or indirectly, to any interest payable to the Defendant or in which the Defendant claims an interest.

99.   All documents referring in any way, directly or indirectly, to any royalties payable to the Defendant or in which the Defendant claims an interest.

100.  All documents referring in any way, directly or indirectly, to any business expense of Defendant (management, parts, equipment, rent, wages, etc.).

101.  All documents referring in any way, directly or indirectly, to any insurance payments Defendant may have or any insurance payments due to Defendant.

102.   All documents referring in any way, directly or indirectly, to any other assets not already divulged by Defendant pursuant to this document request.

103.   All documents referring in any way, directly or indirectly, to any other liabilities not already divulged pursuant to this document request.

104.   All documents referring in any way, directly or indirectly, to any outstanding contracts for which Defendant is entitled to receive a commission, and/or upon which Defendant claims a right to receive a commission, whether a partial commission or complete commission.

## IV.

### Requests for Admission

1.    Admit Defendant is properly named in Plaintiff's Original Petition.

2.    Admit Defendant is not properly named in Plaintiff's Original Petition.

3.    Admit that on or about the date in question, and at all times material hereto, the Defendant owned the property where the Plaintiff was injured at the time of the incident made the basis of this suit.

4.    Admit that on or about the date in question, and at all times material hereto, the Defendant did not own the property where the Plaintiff was injured at the time of the incident made the basis of this suit.

5.    Admit venue is proper

6.    Admit venue is improper

7.    Admit this is a convenient forum

8.    Admit this is not a convenient forum

9.    Admit the Court may exercise personal jurisdiction over you in this suit.

10.   Admit the Court may not exercise personal jurisdiction over you in this suit.

11.   Admit you were negligent in the events leading to Plaintiff's death.

12.   Admit you were not negligent in the events leading to Plaintiff's death.

13.   Admit you were grossly negligent in the events leading to Plaintiff's death.

14.   Admit you were not grossly negligent in the events leading to Plaintiff's death.

15.   Admit Plaintiff was not negligent in any of the events leading to her death.

16.   Admit Plaintiff was negligent in the events leading to her death.

17.   Admit Plaintiff was not contributorily negligent in the events leading to her death.

18.   Admit Plaintiff was contributorily negligent in the events leading to her death.

19.     Admit you have no basis to claim Plaintiff was contributorily negligent in the events leading to his injuries.

20.     Admit you have a basis to claim Plaintiff was contributorily negligent in the events leading to his injuries.

21.     Admit the occurrence made the basis of this lawsuit was reported.

22.     Admit the occurrence made the basis of this lawsuit was not reported.

23.     Admit the occurrence made the basis of this lawsuit was timely reported.

24.     Admit the occurrence made the basis of this lawsuit was not timely reported.

25.     Admit that the Plaintiff did not suffer from any relevant pre-existing condition(s) before the occurrence in question.

26.     Admit that the Plaintiff suffered from relevant pre-existing condition(s) before the occurrence in question.

27.     Admit that the Plaintiff was not intoxicated or under the influence of non-prescription drugs on the occasion in question.

28.     Admit that the Plaintiff was intoxicated or under the influence of non-prescription drugs on the occasion in question.

29.     Admit you received notice prior to the incident that commissioned security officers were needed at the store in question.

30.     Admit you did not receive notice, prior to the incident, that commissioned security officers were needed at the store in question.

31.     Admit you received notice prior to the incident that you needed more than one security guard on duty at the store in question.

32.     Admit you did not receive notice prior to the incident that you needed more than one security guard on duty at the store in question.

33.     Admit you entrusted a security company with the security of the store in question.

34.     Admit you did not entrust a security company with the security of the store in question.

35.     Admit you prepared an accident report in connection with Plaintiff's injuries.

36.     Admit you did not prepare an accident report in connection with Plaintiff's injuries.

37.     Admit you posted a flyer at the subject property in question after the incident regarding the incident.

38.     Admit you did not post a flyer at the subject property in question after the incident.

39.     Admit that you possess insurance coverage to cover potential liability against you in this action.

40.     Admit that you do not possess insurance coverage to cover potential liability against you in this action.

41.     Admit that Defendant's actions proximately caused the injuries sustained by Plaintiff on the date in question based on the occurrence made the basis of this lawsuit.

42.     Admit that Defendant's actions did not proximately cause the injuries sustained by Plaintiff on the date in question based on the occurrence made the basis of this lawsuit.

43.     Admit you did not properly train the security company in regard to security at the subject property in question.

44.     Admit you properly trained the security company in regard to security at the subject property in question.

45.     Admit you provided security guards.

46.     Admit you did not provide security guards.

47.     Admit you did not post security guards at the subject property in question.

48.     Admit you did post security guards at the subject property in question.

49.     Admit you keep records of reported crimes at the subject property in question.

50.     Admit you do not keep records of reported crimes at the subject property in question.

51.     Admit the subject property in question is not located in a high crime area.

52.     Admit the security company was negligent in causing Plaintiff's death.

53.     Admit the security company was not negligent in causing Plaintiff's death.

**V.**

**<u>Request for Disclosures</u>**

(a)    The correct names of the parties to the lawsuit;

(b)    The name, address, and telephone number of any potential parties;

(c)    The legal theories and, in general, the factual basis of your claims or defenses;

(d)    The amount and any method of calculating economic damages;

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    For any testifying expert
    (1)    The expert's name, address, and telephone number;
    (2)    The subject matter on which the expert will testify;
    (3)    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;
    (4)    If the expert is retained by you, employed by you, or otherwise subject to your control:
        (A)    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    the name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**PIERCE SKRABANEK PLLC**

*/s/ M. Paul Skrabanek*

_____

M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
service@pstriallaw.com

**ATTORNEY FOR PLAINTIFF**

FILED
3/17/2020 3:17 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

Case 3:20-cv-00951-B   Document 1-3   Filed 04/17/20   Page 26 of 37   PageID 38

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** DC-20-04448          **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition & Discovery

**FILE DATE OF MOTION:** _____
Month/          Day/          Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Wal-Mart Stores Texas, LLC d/b/a Walmart #3406

   ADDRESS: 1999 Bryan Street, Suite 900, Dallas, Texas 75201

   AGENT, (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Court Records Research     Phone: 713-227-3353
- [ ] **MAIL**          [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
     Type of Publication:     [ ] **COURTHOUSE DOOR,  or**
                              [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

*************************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: _____     Phone: _____
- [ ] **MAIL**          [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
     Type of Publication:     [ ] **COURTHOUSE DOOR,  or**
                              [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Paul Skrabanek          TEXAS BAR NO./ID NO. 24063005

MAILING ADDRESS: 3701 Kirby Drive, Suite 760, Houston, TX 77098

PHONE NUMBER: 832   690-7000          FAX NUMBER: 832   616-5576
                 area code   phone  number                      area code   fax number

EMAIL ADDRESS: paul@pstriallaw.com; rebecca@pstriallaw.com; monica@pstriallaw.com

CIVIC108 Revised 4.9/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

✓ ORIGINAL PETITION
_____      AMENDED PETITION
_____      SUPPLEMENTAL PETITION

COUNTERCLAIM
_____      AMENDED COUNTERCLAIM
_____      SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____      AMENDED CROSS-ACTION
_____      SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____      AMENDED THIRD-PARTY PETITION
_____      SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____      AMENDED INTERVENTION
_____      SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____      AMENDED INTERPLEADER
_____      SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
      ORDER TO: _____
                              (specify)

      MOTION TO: _____
                              (specify)

**PROCESS TYPES:**

**NON WRIT:**
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

**WRITS:**
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/2/99

**CT Corporation**

**Service of Process Transmittal**
03/23/2020
CT Log Number 537440427

TO:     KIM LUNDY SERVICE OF PROCESS
        WALMART INC.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Texas**

FOR:    Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Pio Bingabiog, Individually and as Personal Representative of The Estate of Emily Bingabing, Pltf. vs. The Estate of Rashad Warren and Wal-Mart Stores Texas, LLC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | * |
| **COURT/AGENCY:** | *, TX<br>Case # DC2004448 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - * |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/23/2020 at 12:30 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | * |
| **ATTORNEY(S) / SENDER(S):** | *<br>*<br>*, TX * |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/25/2020, Expected Purge Date: 03/30/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Mar 23, 2020

**Server Name:** Guy Connelly

**Location:** Plano, TX-DAL

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | DC-20-04448 |
| Jurisdiction | TX-DAL |



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **WAL-MART STORES TEXAS LLC D/B/A WALMART #3406**
      **BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS TX 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PIO BINGABING, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EMILY BINGABANG**

Filed in said Court **17th day of March, 2020** against

**THE ESTATE OF RASHAD WARREN AND WAL-MART STORES TEXAS LLC D/B/A WALMART #3406**

For Suit, said suit being numbered **DC-20-04448,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of March, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      GAY/LANE

---

**ATTORNEY**

**CITATION**

**DC-20-04448**

**PIO BINGABING**
vs.
**THE ESTATE OF RASHAD WARREN, et**

ISSUED THIS
**18th day of March, 2020**

FELICIA PITRE
Clerk District Courts.
Dallas County, Texas

By:  GAY LANE, Deputy.

**Attorney for Plaintiff**
M PAUL SKRABANEK
PIERCE SKRABANEK BRUERA PLLC
3701 KIRBY DR SUITE 760
HOUSTON TX 77098
832-690-7000

**DALLAS COUNTY CONSTABLE**
FEE      FEE NOT
PAID      PAID

## OFFICER'S RETURN

Case No. : DC-20-04448

Court No.44th District Court

Style: PIO BINGABING

vs.

THE ESTATE OF RASHAD WARREN, et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ .

within the County of _____ , at _____ o'clock _____ .M. on the _____ day of _____ ,

20 _____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ 3/28/20 _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this _____ day of _____ , 20 _____ .

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

CAUSE NO. DC-20-04448

| | | |
|---|---|---|
| PIO BINGABING, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE ESTATE OF RASHAD WARREN, et al, | § | |
| | § | |
| Defendant(s). | § | 44TH JUDICIAL DISTRICT |

## STATUS CONFERENCE ORDER

Please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

### 9:00 a.m. on May 8, 2020

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Signed this 23rd day of March, 2020.

_____

JUDGE PRESIDING

FILED
3/24/2020 12:47 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

Case 3:20-cv-00951-B   Document 1-3   Filed 04/17/20   Page 33 of 37   PageID 45

## CAUSE NO. DC-20-04448

| | |
|---|---|
| **PIO BINGABING, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EMILY BINGABING VS.** | **IN THE 44TH JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS** |
| **THE ESTATE OF RASHAD WARREN, ET AL** | |

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _____Guy C. Connelly_____ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _____Guy C. Connelly_____ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON _3/20/20_ (DATE) AT _12:00_ (_P_) M (TIME) CITATION ORIGINAL PETITION; AND EXHIBIT A came to hand for delivery to WALMART STORES TEXAS LLC D/B/A WALMART #3406 BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM.

3. ON _3/23/20_ (DATE) AT _10:20_ (_A_) M (TIME) - The above named documents were delivered to: WALMART STORES TEXAS LLC D/B/A WALMART #3406 BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM by delivering to

_Kim Hightower P.S._

(NAME AND TITLE), authorized agent for service @

1999 Bryan, Suite 900, Dallas, TX 75201

(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# _2201_ EXPIRATION: _9/30/20_

Guy C. Connelly
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Guy C. Connelly_ appeared on this _23_ day of _March_, 2020 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

Anna M. Connelly
My Commission Expires
03/13/2023
ID No. 126022935

2020.03.459579

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **WAL-MART STORES TEXAS LLC D/B/A WALMART #3406**
      **BY SERVING ITS  REGISTERED AGENT CT CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PIO BINGABING, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF EMILY BINGABANG**

Filed in said Court  **17th day of March, 2020** against

**THE ESTATE OF RASHAD WARREN AND WAL-MART STORES TEXAS LLC  D/B/A
WALMART #3406**

For Suit, said suit being numbered __DC-20-04448,__ the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE,
INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS**, a
copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of March, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
       GAY LANE

---

**ATTORNEY**

**CITATION**

**DC-20-04448**

**PIO BINGABING**
vs.
**THE ESTATE OF RASHAD WARREN, et**

ISSUED THIS
**18th day of March, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
M PAUL SKRABANEK
PIERCE SKRABANEK BRUERA PLLC
3701 KIRBY DR SUITE 760
HOUSTON TX  77098
832-690-7000



# OFFICER'S RETURN

Case No. : DC-20-04448

Court No.44th District Court

Style: PIO BINGABING

vs.

THE ESTATE OF RASHAD WARREN, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ o'clock _____.M. Executed at

within the County of _____ at _____.M. on the _____ day of _____,

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation      $

For mileage      $      of _____ County, _____

For Notary      $      By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

FILED
4/10/2020 8:18 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
CAROLYN SELLERS DEPUTY

Case 3:20-cv-00951-B   Document 1-3   Filed 04/17/20   Page 36 of 37   PageID 48

## CAUSE NO. DC-20-04448

| | | |
|---|---|---|
| PIO BINGABING, Individually and as | § | IN THE DISTRICT COURT |
| Personal Representative of the Estate of | § | |
| EMILY BINGABING | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE ESTATE OF RASHAD WARREN | § | |
| and WAL-MART STORES TEXAS, LLC | § | |
| D/B/A WALMART #3406 | § | 44TH JUDICIAL DISTRICT |

### DEFENDANT WAL-MART'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Wal-Mart Stores Texas, LLC d/b/a Walmart #3406, a Defendant in the above-entitled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says this is a matter for jury decision.

### II. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### III. RULE 193.7 NOTICE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### IV. JURY DEMAND

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

**Respectfully submitted**,

**COBB MARTINEZ WOODWARD** PLLC
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5202 (direct phone)
(214) 220-5252 (direct fax)


By:        */s/ Ramona Martinez*
       **RAMONA MARTINEZ**
       Texas Bar No. 13144010
       rmartinez@cobbmartinez.com

       **ATTORNEYS FOR DEFENDANT**
       **WAL-MART STORES TEXAS, LLC**


## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 10th day of April, 2020:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
3701 Kirby Drive, Suite 760
Houston, TX  77098
832.690.7000 / fax 832.616.5576
service@pstriallaw.com
paul@pstriallaw.com


       */s/ Ramona Martinez*
       **RAMONA MARTINEZ**