UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PIO BINGABING, individually and as Personal Representative of the Estate of EMILY BINGABING, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-0951-B |
| THE ESTATE OF RASHAD WARREN and WAL-MART STORES TEXAS, LLC D/B/A WALMART #3406, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pio Bingabing's Motion to Remand (Doc. 6). For the reasons that follow, the Court **GRANTS** the motion. The Court hereby **ORDERS** that this case be **REMANDED**.

## I.

## BACKGROUND[1]

On January 26, 2020, Rashad Warren, a citizen of Texas, allegedly stalked Emily Bingabing, also a citizen of Texas, throughout a Walmart located on Montfort Drive in Dallas, Texas. Doc. 1-3, Original Pet., ¶¶ 4, 7; *see also* Doc. 1, Notice of Removal, ¶ 12. There, Warren shot and killed Emily Bingabing. Doc. 1-3, Original Pet., ¶ 7.

---

[1]The Court draws the facts from Plaintiff's state-court petition. *See* Doc. 1-3, Original Pet.

Plaintiff originally filed this lawsuit against Wal-Mart and Warren's Estate in state court. Doc. 1, Notice of Removal, ¶ 5. On April 17, 2020, Wal-mart removed Plaintiff's suit based on diversity jurisdiction under 28 U.S.C. § 1332, alleging that Warren's Estate should not be considered for determining diversity jurisdiction because it was not served before removal. *Id.* ¶ 12.

On May 13, 2020, Plaintiff filed a motion to remand, arguing that Warren's Estate should be considered for diversity purposes. *See* Doc. 6, Pl.'s Mot., 1. All briefing has been filed, and the motion is ripe for review.

## II.

## LEGAL STANDARD

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (citation omitted).

The federal removal statute, 28 U.S.C. § 1441(a), generally permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. This statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). However,

removal is only proper in such cases if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

That being said, a nondiverse defendant may be disregarded for the purposes of analyzing complete diversity if the nondiverse defendant was improperly joined. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (noting that the "improper joinder doctrine constitutes a narrow exception to the rule of complete diversity") (citing *McDonald v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it "is a heavy one." *Id.* The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47) (5th Cir. 2003)).

## III.

## ANALYSIS

The Court finds that because Warren's Estate must be considered for diversity purposes, complete diversity does not exist and the Court lacks subject-matter jurisdiction over this case. Therefore, the case must be remanded. Accordingly, the Court need not analyze Plaintiff's alternative request to dismiss the case without prejudice.

A.   *Whether Diversity Jurisdiction Exists*

Plaintiff argues that this Court should remand the case because it does not have diversity jurisdiction under *New York Life Insurance Company v. Deshotel*, 142 F.3d 877 (5th Cir. 1998). Doc.

6, Pl.'s Mot., 4. In *Deshotel*, the Fifth Circuit held that a defendant's "non-diverse citizenship cannot be ignored simply because he was an unserved defendant." 142 F.3d at 883. The Fifth Circuit explained that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939)).

Thus, applying *Deshotel* here, there would be no diversity of citizenship: even though Warren's Estate, a defendant, was not served at the time of removal, he resided in the same state—Texas—as Plaintiff. *See* Doc. 1-3, Original Pet., ¶¶ 4, 7; Doc. 1, Notice of Removal, ¶ 12; *see also Lapkin v. AVCO Corp.*, 2012 WL 1977318, at *3 (N.D. Tex. May 31, 2012) ("[T]he citizenship of all parties named, served or unserved, must be considered to determine diversity.") (citing *Deshotel*, 142 F.3d at 883).

However, Wal-Mart argues that *Deshotel* was impliedly overruled by the Fifth Circuit in *Texas Brine Co., L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020). Doc. 7, Def.'s Resp., 3–4. In *Texas Brine*, the Fifth Circuit concluded that "Section 1441(b)(2) [the forum-defendant rule] is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." 955 F.3d at 486 (citation omitted). Moreover, Wal-mart points this Court to its own decision in *Breitweiser v. Chesapeake Energy Corporation*, 2015 WL 6322625 (N.D. Tex. Oct. 20, 2015), in which this Court explained that the forum-defendant rule "clearly provides that the citizenship of an unserved defendant should not be considered in determining whether the forum-defendant rule is satisfied." 2015 WL 6322624, at *4 (citation

omitted). Thus, to Wal-Mart, both of these cases "impliedly overrule[]" *Deshotel*. Doc. 7, Def.'s Resp., 4.

However, Wal-Mart misapplies *Texas Brine* and *Breitweiser*, which deal with "snap removal." *See Texas Brine*, 955 F.3d at 485; *Breitweiser*, 2015 WL 6322624, at *2. Snap removal concerns the forum-defendant rule found in 28 U.S.C. § 1441(a), which prohibits the removal of an otherwise removable case when a "properly joined and served" defendant is a citizen of the state in which the case was originally filed. *See Texas Brine*, 955 F.3d at 487 ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state.").

Specifically, snap removal deals with whether 28 U.S.C. 1441(a) applies when a forum defendant is unserved—not whether there is diversity of citizenship for jurisdictional purposes. The Fifth Circuit in *Texas Brine* made this distinction clear. *See id. at* 485 (citation omitted) ("[T]he forum-defendant rule is a procedural rule and not a jurisdictional one."); *see also Breitweiser*, 2015 WL 6322625, at *2 ("Plaintiffs do not challenge removal on jurisdictional grounds . . . Rather, Plaintiffs challenge removal on procedural grounds."). In fact, the very issue of snap removal presupposes that the citizenship of the unserved forum defendant matters for determining diversity. *See Texas Brine*, 955 F.3d at 485 (noting "no jurisdictional defect under 28 U.S.C. § 1332(a)"); *Breitweiser*, 2015 6322625, at *2 ("Complete diversity existed at the time of removal and continues to exist."). The Fifth Circuit said as much when it explained that until a forum defendant is served, "a state court lawsuit is removable . . . so long as a federal court can assume jurisdiction over the action." *Texas Brine*, 955 F.3d at 486 (citation omitted).

Thus, *Texas Brine and Breitweiser* have no impact on *Deshotel*. And under *Deshotel*, whether a defendant is served or unserved is irrelevant for jurisdictional purposes. *See Deshotel*, 142 F.3d at 883.

In this case, complete diversity does not exist because both Plaintiff and Warren's Estate are Texas citizens, as Wal-Mart admits. *See* Doc. 1, Notice of Removal, ¶¶ 8, 10, 12. As *Deshotel* shows, it is of no importance for jurisdictional purposes that Warren's Estate was not served when removal occurred. *See* 142 F.3d at 883. Because Wal-Mart does not raise any other basis for the improper joinder of Warren's Estate, *see generally* Doc. 7, Def.'s Resp., the Court concludes that Warren's Estate is a properly named defendant. Therefore, the Court lacks diversity jurisdiction over this case.

Accordingly, this case must be remanded to state court.

B.    *Whether Plaintiff's Case Should be Dismissed Without Prejudice*

Plaintiff alternatively argues that the Court should dismiss this case without prejudice should it find that Warren's Estate was improperly joined. Doc. 6, Pl.'s Mot., 8. However, because the Court grants Plaintiff's motion to remand, the Court need not determine whether the case should be dismissed.

### IV.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**. This case is hereby **REMANDED** to the 44th District Court of Dallas County, Texas.

**SO ORDERED, JULY 6, 2020**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE